By the Court:

We have taken time to consider of this matter, and upon a review of our notes, and from our recollection of the testimony in the case, we do not think that there was, in the first place, sufficient proof adduced of the loss of the deed in question and of the search for, it (Judge Booth’s papers not having been examined for it) to warrant the admission of the evidence of its contents, the law as to which has been correctly stated in the argument on both sides. The previous existence and subsequent loss of the deed are first to be proved to the satisfaction of the Court; and afterwards the evidence of its contents is addressed to the jury; and to do this, the existence and identification of the deed as a deed, and the parties to it, must be sufficiently proved to the Court, before the secondary evidence as to its contents can be allowed to go to the jury. And in the next place, the evidence on this point, owing to the manner in which the trial was conducted, and as much by the inadvertence of the counsel, as by the acquiescence of the Court, was irre *251 gularly introduced on the trial, and left in terms of too general import by the Court to the jury, considering the importance of the deed alleged to be lost in the case, and the loose nature of the proof in regard to it. The motion must, therefore, be granted, the verdict for the plaintiff must be set aside, and a new trial ordered; but we take occasion at the same time, with this exception, to reaffirm the points ruled, and the law as stated in the charge to the jury on the trial in all other respects.
The new trial afterwards proceeded; the evidence of the contents of the deed in question was excluded by the Court, for the want of sufficient proof as to its existence and identity and the parties to the deed; and the defendant-had a verdict.